**WO** JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eudis Montalvan, | ) | No. CV 06-2800-PHX-SMM (HCE) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Phillip Crawford, | ) | |
| Respondent. | ) | |

Petitioner Eudis Montalvan (A29-389-997), who is confined in the Immigration Service Processing Center in Florence, Arizona, has filed a *pro se* Petition for Writ of habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a Response in Opposition to Petition for Writ of Habeas Corpus. Petitioner has not filed a reply. The Court will dismiss the Petition.

**I. Background**

Petitioner is a native and citizen of Cuba who was paroled into the United States in 1991. In 1993, Petitioner was convicted of conspiracy in violation of 18 U.S.C. § 371 and aiding and abetting in violation of 18 U.S.C. § 2. In 1994, Petitioner's immigration parole was terminated and he was placed in exclusion proceedings. On January 13, 1995, an immigration judge found that Petitioner was excludable and denied Petitioner's application for asylum. The immigration judge, however, granted Petitioner's application for withholding of deportation and Petitioner was thereafter released from immigration custody.

1  In 1997, Petitioner was convicted of robbery, kidnaping with a weapon and
2 aggravated battery in a Florida state court.  In 1999, Petitioner was convicted of battery by
3 a prisoner in a Nevada state court.  On September 27, 2006, the Department of Homeland
4 Security (DHS) filed a motion to reopen Petitioner's exclusion proceedings and to terminate
5 the order withholding removal.  On November 22, 2006, an immigration judge granted the
6 DHS's motion to reopen, terminated Petitioner's withholding of removal, entered an order
7 finding Petitioner excludable under 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) and 1182(a)(7)(A)(i)(I)
8 and directed that he be deported to Cuba.  Petitioner waived his right to appeal to the Board
9 of Immigration Appeals (BIA) from that order.

10  In his Petition for Writ of Habeas Corpus filed on November 21, 2006, Petitioner
11 alleged that he has been subject to a deportation order since 1993.  He further alleges that he
12 has been in DHS custody since June 22, 2006, and that the DHS has been unable to obtain
13 travel documents to effect his deportation to Cuba.  Relying on Zadvydas v. Davis, 533 U.S.
14 678, 701 (2001), and Clark v. Martinez, 543 U.S. 371 (2005), Petitioner argues that his post-
15 removal order detention for more than six months is not lawful.

16  Respondent contends that since less than 90 days have elapsed since Petitioner's
17 deportation order became final, he is subject to mandatory detention under 8 U.S.C. §
18 1231(a)(2).

19 **II. Discussion**
20  **A. Jurisdiction**
21  The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act
22 was "not intended to 'preclude habeas review over challenges to detention that are
23 independent of challenges to removal orders.'"  Hernandez v. Gonzales, 424 F.3d 42, 42-43
24 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah
25 v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping
26 provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not
27 involve final orders of removal.").  Because Petitioner challenges only his detention, and not
28 the merits of his removal order, the Court retains jurisdiction.

**B. Mandatory Detention Under 8 U.S.C. § 1231(a)**

The apprehension, detention and release of aliens in pending administrative removal proceedings is governed by 8 U.S.C. § 1226. After the administrative removal proceedings have been completed, the rules governing the detention and release of the alien shifts to 8 U.S.C. § 1231. Section § 1231(a)(1) provides in relevant part:

> **(a) Detention, release, and removal of aliens ordered removed**
> **(1) Removal period**
> **(A) In general**
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
> **(B) Beginning of period**
> The removal period begins on the latest of the following:
>  (i) The date the order of removal becomes administratively final.
>  (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>  (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a). Petitioner did not seek judicial review of the removal order and he was detained under an immigration process. The removal period therefore began for him on the date his removal order became administratively final. 8 U.S.C. § 1231(a)(1)(B)(i). Petitioner's removal order became administratively final on November 22, 2006, when he waived his right to appeal the removal order to the BIA. 8 U.S.C. § 1101(a)(47)(B)(ii).

Following the entry of an administratively final order of removal, an alien is subject to mandatory detention during the 90-day removal period. 8 U.S.C. § 1231(a)(2). If he cannot be removed within the 90-day removal period, the alien may be granted supervised release or may be further detained, subject to administrative review. 8 U.S.C. § 1231(a)(3). Under § 1231(a)(6), an alien who is inadmissible under 8 U.S.C. § 1182 "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). But when there is no significant likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future, the Government may not detain the alien for more than the presumptively reasonable period of six months. Zadvydas, 533 U.S. at 701. In Clark v. Martinez, 543 U.S. 371 (2005), the Supreme Court extended the holding in Zadvydas to inadmissible aliens.

1   As previously noted, the removal period for Petitioner began on November 22, 2006. Since less than 90 days have elapsed, Petitioner is still subject to mandatory detention under § 1231(a)(2). "[T]he Zadvydas due process analysis does not extend to § 1231(a)(2)" because "the danger to which the Zadvydas Court responded – the danger of 'indefinite, perhaps permanent' civil confinement – does not exist when the government is holding an alien under § 1231(a)(2), a provision authorizing detention for 90 days only." Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004) (quoting Zadvydas, 533 U.S. at 699). In Khotesouvan, the United States Court of Appeals for the Ninth Circuit held that "an alien ordered removed . . . cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed." Id. at 1299. Accordingly, a district court should dismiss a habeas corpus challenge to detention if the petition was filed during the 90-day removal period. Id. at 1301 ("Because the petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions."). Because Petitioner's detention falls within the 90-day removal period, during which he is subject to mandatory detention under § 1231(a)(2), the Petition must be dismissed.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **denied** and this action is **dismissed**. The Clerk of Court shall enter judgment accordingly.

DATED this 18th day of January, 2007.

Stephen M. McNamee
United States District Judge